09-2868-cv
Prasad v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand ten.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
*Circuit Judges*,
RICHARD K. EATON,[*]
*Judge*.

_____

BRAHAM PRASAD, MUMBAI, INC.,

*Plaintiffs-Appellants*,

-v.-                                          09-2868-cv

CITY OF NEW YORK, MICHAEL WEINBERGER,

*Defendants-Appellees*,

THOMAS LAUTERBORN, DENNIS DEQUARTRO, BERNADETTE ENCHAUTEQUI, BETH GALTON, FRED PHELPS, RON HOLMES, JOHN DOES I - V,

*Defendants*.[**]

_____

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

FOR APPELLANTS:                        AMBROSE W. WOTORSON,
                                       Brooklyn, New York.

FOR APPELLEE CITY OF NEW YORK:   RONALD E. STERNBERG, Of
                                 Counsel (Leonard Koerner,
                                 Diana M. Murray, Of Counsel
                                 *on the brief*) *for* Michael
                                 A. Cardozo, Corporation
                                 Counsel of the City of New
                                 York, New York, New York.

FOR APPELLEE WEINBERGER:          TRACY MELINDA PETERSON,
                                  Braverman & Associates, New
                                  York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Appellants appeal from the April 24, 2009 memorandum and order and the June 2, 2009 judgment of the United States District Court for the Southern District of New York (Crotty, J.), granting appellees' motion to dismiss the amended complaint in its entirety and denying leave to further amend the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Mumbai, Inc. was a venue located in Manhattan and owned by Braham Prasad. As described by appellants, Mumbai

2

"operated as a cultural arts center" and served as a "popular nightclub." According to appellants, Mumbai "catered to minorities." The nightclub closed following the revocation of its liquor license by the New York State Liquor Authority. Appellee Michael Weinberger is a private person who lived in the vicinity of Mumbai. Appellants brought suit against the City of New York, individually named members of the New York City Police Department,[1] Weinberger, and several other individually named private persons[2] who lived in the neighborhood where Mumbai was located.

Appellants allege that the revocation of their liquor license, among other actions taken against them, was the

---

[1] The officers of the New York City Police Department who are named in their individual capacities were never served with process in this action. Appellants do not dispute this point. Accordingly, the claims against these defendants were subject to dismissal. Fed. R. Civ. P. 4(m). In any event, we agree with the district court that appellants' claims against the individual officers lack merit for the same reasons that the claims against the City of New York fail.

[2] Similarly, the individual neighbor defendants were never served with process in this action and appellants do not assert otherwise. Therefore, the claims against these defendants were also subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m). In addition, we agree with the district court that the claims against these private neighbor defendants fail for the same reasons that they fail against appellee Weinberger.

result of a scheme involving appellees to drive them out of business, which was motivated by discrimination and animus. Appellants seek damages and injunctive relief pursuant to the First, Fourth and Fourteenth Amendments and under 42 U.S.C. §§ 1981, 1983, and 1985.

Before this Court, appellants maintain that the district court abused its discretion in denying them leave to further amend their complaint. We review the "denial of a motion for leave to amend for an abuse of discretion." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002). Here, appellants were afforded the opportunity to amend their complaint once. Fed. R. Civ. P. 15(a)(1). We have held that "[i]t would be a mistake . . . to construe" this Circuit's precedent "as establishing a broad rule to the effect that, in the case of a counseled plaintiff, abuse of discretion will be found and the case remanded whenever a district court fails to provide for repleading." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam). Appellants did not demonstrate that any amendment would cure the defects in their pleading and we find no abuse of discretion in the district court's decision. *See In re Tamoxifen Citrate*

4

*Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006).

We review *de novo* the district court's dismissal of appellants' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Allaire Corp. v. Okumus*, 433 F.3d 248, 249 (2d Cir. 2006). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

For substantially the reasons stated by the district court, appellants' claims were properly dismissed. Appellants failed to make out a cause of action for malicious prosecution. *See Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004). Appellants' claim that they were subjected to malicious abuse of process must also fail. "[S]ection 1983 liability . . . may not be predicated on a claim of malicious abuse of . . . civil process." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (internal quotation marks omitted). With respect to appellee Weinberger, his conduct cannot be said to be "fairly attributable to the state." *Tancredi v. Met. Life*

*Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003).

Appellants' claim that their rights under the Equal Protection Clause of the Fourteenth Amendment were violated was properly dismissed. Appellants' "conclusory allegation[s] of discrimination . . . without evidentiary support" cannot survive a motion to dismiss. *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) (internal quotation marks omitted). Similarly, appellants' allegation of a conspiracy was properly dismissed as "unsupported, speculative, and conclusory." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (internal quotation marks omitted).

We have considered all of appellants' remaining arguments and find them to be without merit. Therefore, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk