**Ram Z. PORAT, Plaintiff–Appellant,**

v.

**LINCOLN TOWERS COMMUNITY ASSOCIATION, Bonafice Bulloy, Fnu Perry, Thomas McNamara, Richard Lopez, New York City Police Officer Richard Lopez, individually and in his official capacity, John Does 1–4, Police Officer John Doe 5, individually and in his official capacity, John Doe Corporation 1–2, and The City of New York, Defendant–Appellees.**

Docket No. 05–1631–CV.

United States Court of Appeals, Second Circuit.

Argued: Dec. 22, 2005.

Decided: Sept. 18, 2006.

William H. Goodman, Moore & Goodman, LLP, New York, N.Y. (David Milton, on the brief), for Plaintiff–Appellant.

Michael A. Cardozo, Corporation Counsel of the City of New York, New York,

N.Y. (Edward F.X. Hart; Jane L. Gordon, of counsel, on the brief), for Defendant–Appellees Richard Lopez and the City of New York.

John V. Fabiani, Jr. (on submission) (John G. Caulfield, of counsel, on the brief), Fabiani & Cohen, LLP, New York, NY, for Defendant–Appellees Lincoln Towers Community Association, Bonafice Bulloy, FNU Perry, and Thomas McNamara.

Before JACOBS, LEVAL, STRAUB, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Ram Z. Porat appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*), dismissing his federal claims on the merits, and dismissing his state-law claims without prejudice to renewal in state court. Porat contends the district court erred in dismissing his federal claims and abused its discretion in failing to grant him leave to amend his complaint. We affirm the district court's dismissal of Porat's claims on the merits for reasons substantially similar to those provided in the district court's memorandum and order dated March 17, 2005. As set forth more fully below, we also conclude that the district court acted within its allowable discretion in not granting Porat leave to amend his complaint for a second time.

**Discussion**

Porat, who was represented by counsel throughout these proceedings, filed his complaint alleging violations of 42 U.S.C. § 1983, as well as state-law claims. He subsequently filed an amended complaint before the defendant had answered. *See* Fed.R.Civ.P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...."). The defendants then moved to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Porat filed papers in opposition to the motion. The district court granted the motion, dismissing the federal claim upon a finding that it failed to state a claim under § 1983, and dismissing the state-law claims without prejudice.

Porat did not move for leave to amend his complaint. In his brief in opposition to the defendants' motion to dismiss, however, he wrote in a footnote, "[I]f the Court finds that plaintiff is required to allege with particularity the facts supporting his allegation of [First Amendment] chill, or any other aspect of his First Amendment or other claims, plaintiff respectfully requests leave to amend the complaint." The concluding paragraph stated, "In the event the Court dismisses all or some aspect[s] of the complaint, plaintiff respectfully requests the opportunity to file a second amended complaint." After the district court granted the defendants' motion, Porat never requested leave to file a new amended complaint. Furthermore, Porat never—either before or after the grant of the motion—indicated to the district court how the complaint might be amended to cure its deficiencies. Even in his brief on appeal, in which he argued that the district court abused its discretion in failing to grant him leave to amend his complaint again, Porat gave no indication of how he would amend or how the deficiencies could be corrected.[1]

---

1. Porat's brief states simply that "[l]eave to amend would have been particularly appropriate with respect to plaintiff's First Amendment claim.... [P]laintiff should have been permitted the opportunity to amend the complaint to allege his 'audience' or the 'commu-

In dismissing the case, the district court never explicitly denied Porat leave to amend his complaint. At no point did the district court mention his informal requests. Porat contends on this appeal that the court abused its discretion in failing to grant him leave to amend his complaint.

Without doubt, this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6). Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading ... by leave of court ... and leave shall be freely given when justice so requires." In interpreting this rule, this Court has indicated that where a plaintiff clearly has expressed a desire to amend, a lack of a formal motion is not a sufficient ground for a district court to dismiss without leave to amend. See Oliver Schools, Inc. v. Foley, 930 F.2d 248, 252–53 (2d Cir.1991) (remanding where plaintiff, faced with the Eleventh Amendment immunities of the named defendants, had requested leave to replead claims against the defendants in their personal capacities). And in Ronzani v. Sanofi S.A., 899 F.2d 195 (2d Cir. 1990), in circumstances quite similar to these, we ruled that the district court had abused its discretion in failing to allow repleading where the plaintiff had made no motion to replead but had noted in his opposition brief his desire to replead if the motion were granted. Id. at 198–99.

 It would be a mistake, however, to construe Ronzani as establishing a broad rule to the effect that, in the case of a counseled plaintiff, abuse of discretion will be found and the case remanded whenever a district court fails to provide for repleading. A counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured. See In re Tamoxifen Citrate Antitrust Litig., —— F.3d ——, 2006 WL 2401244, at *28 (2d Cir. Aug.10, 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."). The determination whether to overturn a district court's denial of leave to replead involves the appraisal of numerous factors, and a court of appeals exercises considerable discretion in addressing the question. Especially given that plaintiff's counsel did not advise the district court how the complaint's defects would be cured, upon all the facts of this case we find no abuse of discretion and decline to remand for repleading.

### Conclusion

The judgment of the district court dismissing the action is AFFIRMED.

---

nicative property of his photography[,]' ... [and] plaintiff should have been permitted the opportunity to allege additional facts establishing that the conversation between [the defendants] did not involve the transmission of

facts tending to give rise to probable cause to believe that Porat had committed trespass."