**John SUTTON, Gail Sutton & Danielle Sutton, Individually and on Behalf of Letitia ROSE, Plaintiffs–Appellants,**

v.

**WACHOVIA SECURITIES, LLC (formerly doing business as Prudential Securities, Inc. and successor Corporation to Prudential Securities), Defendant–Appellee.**

No. 05–5655–cr.

United States Court of Appeals,
Second Circuit.

Dec. 7, 2006.

District of New York, sitting by designation.

Joseph D. Dinoto, Cherry Hill, N.J., for Plaintiffs–Appellants.

David A. Picon, Kenneth E. Aldous, Proskauer Rose LLP, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges, Hon. RICHARD M. BERMAN, District Judge.*

## SUMMARY ORDER

Plaintiffs–Appellants John Sutton, Gail Sutton, and Danielle Sutton ("the Suttons") appeal the judgment of the district court (Spatt, *J.)* dismissing the Suttons' claims against Wachovia Securities, LLC ("Wachovia") for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The Suttons claim they are entitled to relief against

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Wachovia under 42 U.S.C. § 1983 for violations of the First Amendment and the Fourteenth Amendment; the Older American Act ("OAA"), 42 U.S.C. § 3001; the Social Security Act (SSA), 42 U.S.C. § 201; the Americans with Disabilities Act ("ADA"); and various state common law causes of action.

We review *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6). *Strougo v. Bassini,* 282 F.3d 162, 167 (2d Cir.2002). We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

We affirm—for substantially the reasons stated in the opinion of the district court—the district court's holdings that the Suttons have failed to state a claim upon which relief can be granted[1] and that the Suttons lacked standing to bring this action on behalf of Letitia Rose ("Rose"). Having dismissed the Suttons' federal claims, the district court did not err in declining to exercise supplemental jurisdiction over the state common law claims. *See Motorola Credit Corp. v. Uzan,* 388 F.3d 39, 56 (2d Cir.2004) (" '[I]f [all] federal claims are dismissed before trial . . ., the state claims should be dismissed as well.' " (alterations in original) (emphasis omitted)).

■ The Suttons' procedural attacks on the order of the district court are without merit. The district court did not abuse its discretion in failing to provide the Suttons leave to amend their complaint. The district court has ample discretion not to grant leave to amend when, as here, such leave was never properly requested, and the plaintiffs did not demonstrate how they would amend the complaint in a manner that would not be futile. *Hayden v. County of Nassau,* 180 F.3d 42, 53–54 (2d Cir.1999); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 76 (2d Cir.1998); *see also Joblove v. Barr Labs., Inc. (In re Tamoxifen Citrate Antitrust Litig.),* 429 F.3d 370, 404 (2d Cir.2005). Even on appeal, the Suttons have failed to show how they could or would amend the complaint in a manner that would cure its deficiencies. *See Porat v. Lincoln Towers Cmty. Ass'n,* 464 F.3d 274, 275–76 (2d Cir.2006) (per curiam).

■ The Suttons' argument that the district court improperly considered documents that were not incorporated into the complaint also fails. The district court stated explicitly that it considered both parties' submission of documents only to the extent that they were incorporated by reference into the pleadings or were public records. It is "well established that a district court may rely on matters of public record in deciding a motion to dismiss under rule 12(b)(6). . . ." *Pani,* 152 F.3d at 75. The Suttons allege that some of the documents Wachovia submitted were not part of the public record; even if this is correct, there was no error because the district court did not rely on these allegedly non-public record documents as "a ground for decision." *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir. 1991). The only documents the district court cited were petitions filed in a Califor-

---

1. We note that while the district court relied on settled law in dismissing all but one of the claims, the district court dismissed the Suttons' OAA claim on the grounds that the OAA does not provide an independent basis for relief, which is an issue this circuit has never considered. Nevertheless, we do not reach the question here, because the Suttons fail to argue in their brief that the district court erred in making this determination. As a result, the issue has been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

nia state court and the orders of that state court. These are undisputably matters of public record. Moreover, the court relied on these documents only to establish that the state court had appointed the Monterey County Public Guardian as Rose's Conservator. *See Global Network Commc'ns Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir.2006) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings." (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998))).

We have considered all of the Suttons' other arguments and find them to be without merit.

■ Wachovia requests in its brief that we award damages and single or double costs, pursuant to Federal Rule of Appellate Procedure 38, on the grounds that this appeal is frivolous. We have previously held that "Rule 38 provides that a court of appeals may make a determination of frivolousness and impose costs only 'after a separately filed motion or notice from the court. . . .'" *Great Am. Ins. Co. v. M/V Handy Laker*, 348 F.3d 352, 354 (2d Cir. 2003) (per curiam) (quoting Fed. R.App. P. 38). Since neither of these measures have been taken, the motion is denied. *Id.*

Finally, the Suttons failed to comply with Federal Rule of Appellate Procedure 30 by refusing to include in the Joint Appendix parts of the record that were properly designated by Wachovia. Accordingly, we grant Wachovia's separately filed motion for fees and costs incurred in connection with its efforts to negotiate the contents of a Joint Appendix and to file a Supplemental Appendix.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for his predecessor, Attor-

The judgment of the district court is AFFIRMED.