Chechele v. Scheetz

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
                            Chief Judge,
         DENNY CHIN,
         SUSAN L. CARNEY,
                            Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
DONNA ANN GABRIELE CHECHELE,
         Plaintiff-Appellant,

         -v.-                                    11-3889

W. EDWARD SCHEETZ,
         Defendant-Appellee,

MORGANS HOTEL GROUP CO.,
         Nominal Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              James A. Hunter, Hunter & Kmiec,
                           New York, N.Y.

**FOR APPELLEES:** Joseph A. Matteo (Stanley S. Arkin, Howard J. Kaplan, <u>on the brief</u>), Arkin Kaplan Rice LLP, New York, N.Y (<u>Counsel for W. Edward Scheetz</u>).

Dennis H. Tracey, III, Jordan L. Estes, Hogan Lovells US LLP, New York, N.Y. (<u>Counsel for Morgans Hotel Group Co.</u>).

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Donna Ann Gabriele Chechele ("Chechele") appeals from the dismissal of her shareholder derivative complaint against nominal defendant Morgans Hotel Group Co. ("Morgans") and its former President and CEO, W. Edward Scheetz ("Scheetz"), which sought to recover Scheetz's profits from purchases and sales of Morgans stock within a six-month period. <u>See</u> Securities and Exchange Act of 1934 § 16(b), 15 U.S.C. § 78p(b). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review <u>de novo</u> the dismissal of a complaint under Rule 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." <u>Hutchison v. Deutsche Bank Sec. Inc.</u>, 647 F.3d 479, 483-84 (2d Cir. 2011) (internal quotation marks omitted). The district court declined to consider certain SEC filings, which were not incorporated into the complaint, for the truth of their assertions. This was not in error. <u>See</u> <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007) ("When a complaint alleges, for example, that a document filed with the SEC failed to disclose certain facts, it is appropriate for the court, in considering a Rule 12(b)(6) motion, to examine the document . . . . 'only to determine *what* the document[] stated,' and '*not to prove the truth of [its] contents.*'" (emphasis in original) (quoting <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 774 (2d Cir. 1991))).

2

Absent the SEC filings, the complaint's allegations that Scheetz was part of an ownership group are entirely conclusory and cannot withstand Scheetz's motion to dismiss. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"We review denial of leave to amend under an abuse of discretion standard." Hutchison, 647 F.3d at 490 (internal quotation marks omitted). Chechele failed to amend or move to amend her complaint within 21 days after Scheetz filed his Rule 12(b)(6) motion. See Fed. R. Civ. P. 15(a)(1). While a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "[i]t is within the court's discretion to deny leave to amend . . . when [as here] leave is requested informally in a brief filed in opposition to a motion to dismiss." In Re: Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2d Cir. 2006); see also Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam) ("Especially given that plaintiff's counsel did not advise the district court how the complaint's defects would be cured, upon all the facts of this case we find no abuse of discretion and decline to remand for repleading.").

Finding no merit in Chechele's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK