19-3486
*Lehmann v. Ohr Pharmaceutical, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

GEORGE LEHMANN, INSURED BENEFIT PLANS, INC.,

> *Plaintiffs-Appellants,*

JEEVESH KHANNA, individually and on behalf of all others similarly situated,

> *Plaintiff,*

> v.                                              No. 19-3486

OHR PHARMACEUTICAL, INC.; JASON SLAKTER; SAM BACKENROTH; IRACH TARAPOREWALA,

> *Defendants-Appellees.*

_____

FOR APPELLANTS: RICHARD W. GONNELLO (Megan M. Sullivan and Dillon Hagius, *on the brief*), Faruqi & Faruqi, LLP, New York, NY.

FOR APPELLEES: MISHA TSEYTLIN (Aurora Cassirer and Mary Weeks, *on the brief*), Troutman Pepper Hamilton Sanders LLP, Chicago, IL, and New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 23, 2019, is **AFFIRMED**, and the cause is **REMANDED** to the district court to make a determination on the record whether to grant Plaintiff-Appellants leave to file a second amended complaint.

Plaintiff-Appellants George Lehmann and Insured Benefit Plans, Inc. (collectively, "Plaintiffs" or "Lehmann"), brought this putative class action alleging securities fraud claims under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j ("§ 10(b)"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"), as well as § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a) ("§ 20(a)"), against Ohr Pharmaceutical, Inc. ("Ohr"), and Ohr executives Irach Taraporewala, Sam Backenroth, and Jason Slakter (Ohr and its executives collectively, "Defendants") based on allegedly misleading statements made by Defendants regarding the effectiveness of Ohr's core product, the Squalamine-based treatment for wet age-related macular degeneration ("Wet-AMD"). On Defendants' motion, the United States District Court for the Southern District of New York (Preska, *J.*) dismissed the amended complaint for failure to state a claim, denied as moot Plaintiffs' motion to strike documents attached to Defendants' motion to dismiss, and directed the Clerk of Court to close the case.

Lehmann timely appealed. We review de novo the dismissal of a complaint for failure to state a claim, drawing all reasonable inferences in the plaintiffs' favor and accepting factual allegations as true. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the district court's judgment and to remand for a determination on the record of Plaintiffs' request for leave to amend their complaint.

"Plaintiffs alleging claims under Section 10(b) of the Exchange Act must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *In re Petrobras Sec.*, 862 F.3d 250, 275 (2d Cir. 2017) (internal quotation marks omitted). Because we find that Plaintiffs have not adequately pleaded scienter, we affirm the district court's dismissal of the complaint for failure to state a claim.

"In order to plead scienter adequately under the [Private Securities Litigation Reform Act], a plaintiff must plead 'with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (quoting 15 U.S.C. § 78u–4(b)(2)) (emphasis omitted). "The requisite state of mind in a Rule 10b–5 action is 'an intent to deceive, manipulate or defraud.'" *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 168 (2d Cir. 2000) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976)). Pursuant to the relevant pleading standards under Federal Rule of Civil Procedure 9(b), plaintiffs must "alleg[e] facts to show that defendants had both motive and opportunity to commit fraud, or . . . alleg[e] facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* at 168–69 (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal quotation marks omitted).

In this case, Plaintiffs have not adequately pleaded facts sufficient to meet either standard. First, regarding the motive and opportunity to commit fraud, Plaintiffs' allegations all concern generic corporate interests such as increasing stock price, avoiding bankruptcy, or continuing to operate as a business. These allegations do not support motive to commit securities fraud. *See ECA & Local 134*, 552 F.3d at 198 ("Motives that are common to most

3

corporate officers, such as the desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation, do not constitute 'motive' . . . .").

Second, Plaintiffs' allegations do not generate an inference of conscious misbehavior or recklessness. Conscious misbehavior or recklessness, in this context, is "a state of mind approximating actual intent, and not merely a heightened form of negligence." *Novak v. Kasaks*, 216 F.3d 300, 312 (2d Cir. 2000) (internal quotation marks omitted). The alleged conduct must "at the least . . . [be] highly unreasonable and . . . represent[] an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 109 (2d Cir. 2009) (internal quotation marks and emphasis omitted). "An egregious refusal to see the obvious, or to investigate the doubtful, may in some cases give rise to an inference of . . . recklessness." *Id.* (internal quotation marks and emphasis omitted) (alteration in original). That is not what Plaintiffs have pleaded. Plaintiffs allege that Defendants made certain statements and were aware of a variety of information that Plaintiffs say is inconsistent with those statements. However, Plaintiffs offer no non-conclusory allegations to generate the strong inference of recklessness necessary to surmount the high threshold just described. At most, Plaintiffs pleaded negligence in the making of some of the allegedly misleading statements, not recklessness approximating actual intent.

Finally, as a matter of common sense, there can be no strong inference of intent to defraud stock purchasers in light of the alleged history of the stock price in relation to the timing of the alleged misrepresentations and subsequent stock offerings. Plaintiffs' central allegations of stock pumping pertain to the 60% rise in stock price in June 2014, after the IMPACT Phase II interim trial results. The share price jumped from $6.86 to $10.97 following some allegedly misleading statements about the nature of the interim results as well promotional efforts by Vista, a stock promoter. But it was not until seven months later, in February 2015, that Ohr made its next stock offering—at a price of $6.75 per share. Common sense would counsel that, if there were fraudulent intent, the stock offering would have been made at the stock's high-water price rather than at a price even lower than what

4

the stock price was when an allegedly fraudulent statement was made. The subsequent offerings in December 2016 and April 2017 were made at even lower prices. Plaintiffs have therefore failed to plead the necessary strong inference of intent.

Because we conclude that Plaintiffs' failure to adequately plead scienter requires dismissal of § 10(b) claims, the dependent § 20(a) claims must fall as well.

Plaintiffs also argue on appeal that, in reaching its decision, the district court improperly considered extrinsic evidence to which Plaintiffs objected in their motion to strike. Subject to certain exceptions, a district court may not consider evidence outside a plaintiff's complaint in ruling on a motion to dismiss the complaint. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154-56 (2d Cir. 2006). Here, in ruling on Defendants' motion to dismiss, the district court expressly stated that it "did not rely on material objected to" in Plaintiffs' motion to strike. *Lehmann v. Ohr Pharmaceutical, Inc.*, No. 18-1284, 2019 WL 4572765, at *2 n.1 (S.D.N.Y. Sept. 20, 2019). We see no reason not to accept the district court's assertion at face value. Plaintiffs' arguments to the contrary are without merit.

Additionally, Plaintiffs challenge the district court's dismissal of their complaint without granting them leave to amend. We review the denial of leave to amend for abuse of discretion, unless leave to amend was denied based on futility, in which case we review the decision de novo. *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Here, the district court did not explain its reasons for denying Plaintiffs leave to amend. Denial of leave to amend without explanation is disfavored in this Circuit and is sometimes held to be an abuse of discretion. *See, e.g.*, *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ("Since Ronzani had not previously been given leave to amend, and had offered to amend his complaint, we hold that the court abused its discretion in dismissing the complaint without leave to amend."). Ultimately, "[t]he determination whether to overturn a district court's denial of leave to replead involves the appraisal of numerous factors, and a court of appeals exercises considerable discretion in addressing the question." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).

5

Although we affirm the district court's dismissal of the complaint under Rule 12(b)(6), we conclude that the district court did not act within the bounds of its discretion in denying Plaintiffs leave to amend without explanation. We therefore remand this cause to the district court to determine on the record whether to allow Plaintiffs an opportunity to replead.

\* \* \*

For the reasons set forth above, the judgment of the district court dismissing this action is **AFFIRMED** and the cause is **REMANDED** to the district court to determine on the record whether to grant Plaintiffs leave to file a second amended complaint.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court