20-2579-cv
*Kravitz v. Tavlarios, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-one.

PRESENT:
        AMALYA L. KEARSE,
        SUSAN L. CARNEY,
               *Circuit Judges.*[*]

―――――――――――――――――――――――――――――――

PETER KRAVITZ, AS TRUSTEE OF THE AEGEAN LITIGATION TRUST,

     *Plaintiff-Appellant,*

          v.                      No. 20-2579-cv

E. NIKOLAS TAVLARIOS, PETER C. GEORGIOPOLOUS,
JOHN P. TAVLARIOS, AND GEORGE KONOMOS,

     *Defendants-Appellees.*

―――――――――――――――――――――――――――――――

FOR PLAINTIFF-APPELLANT:        P. JASON COLLINS (Scott D. Saldaña, Jeffrey E. Gross, and Ben A. Barnes *on the brief*), Reid Collins & Tsai LLP, New York, NY.

―――――――――――――――――――

[*] Judge Robert A. Katzmann, who was a member of the original panel in this case, died before the panel issued a decision. This appeal is decided by the two remaining members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

FOR DEFENDANTS-APPELLEES:                JOSHUA A. GOLDBERG (Jeffrey F. Kinkle, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, NY (*for* E. Nikolas Tavlarios).

MICHAEL TREMONTE (Amanda Ravich, *on the brief*), Sher Tremonte LLP, New York, NY (*for* Peter C. Georgiopoulos).

JONATHAN S. ABERNETHY (Sophia Soejung Kim, *on the brief*) Cohen & Gresser, LLP, New York, NY (*for* John P. Tavlarios).

JONATHAN BACH (Eric Olney, *on the brief*), Shapiro Arato Bach LLP, New York, NY (*for* George Konomos).

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 8, 2020, and judgment of dismissal entered on July 9, 2020, are **AFFIRMED**.

Aegean Marine Petroleum Network, Inc. (the "Company," or "Aegean") filed for bankruptcy in November 2018, shortly after disclosing that Dimitris Melisanidis, Aegean's founder, former Chief Executive Officer, and former chairman of the board, defrauded the Company of several hundred million dollars. The United States Bankruptcy Court for the Southern District of New York confirmed a reorganization plan establishing the Aegean Litigation Trust, administered by trustee Peter Kravitz (the "Trustee"), and assigned to the Trust potential legal claims belonging to Aegean. Subsequently, the Trustee brought suit against Defendants-Appellees (all of them former officers or directors of Aegean), alleging against each a claim for breach of fiduciary duty. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's order dismissing a complaint pursuant to Federal Rule 12(b)(6), construing the complaint liberally and accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Sullivan-Mestecky v. Verizon Commc'ns Inc.*, 961 F.3d 91, 97 (2d Cir. 2020).[1] We review for abuse of discretion both a district court's decision to take judicial notice of facts and a district court's denial of leave to amend a complaint. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

**1.** The Trustee's breach of fiduciary duty claims against Defendants are governed by Delaware law, as adopted by the Republic of the Marshall Islands.[2] On *de novo* review, we hold that the District Court properly dismissed the Trustee's claims.[3]

The Trustee's complaint is based on the theory that "Defendants had a duty to *exercise oversight and to monitor* the corporation's operational viability, legal compliance, and financial performance." Compl. ¶ 29 (emphasis added). *See also id.* ¶¶ 1, 6, 29, 43-45, 67-68. On appeal, the Trustee makes this same argument, arguing that Defendants breached the fiduciary duties that Delaware law imposed on them as officers and directors "by failing to take required actions to implement appropriate internal controls and failing to respond to red flags relating to fraudulent schemes." Appellant's Br. 4.

This type of claim based on Defendants' alleged failure to oversee or monitor corporate operations is known by Delaware courts as a "*Caremark* claim." *See In re Caremark*

---

[1] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

[2] Aegean's claims are governed by the Business Corporations Act of the Republic of the Marshall Islands, which, like the parties, we treat as identical to the laws of Delaware for the purposes of this litigation. *See* 52 Marsh. Is. Rev. Code Part I (Business Corporations Act), §§ 13, 61; *see also F5 Cap. v. Pappas*, 856 F.3d 61, 71 n.8 (2d Cir. 2017).

[3] On appeal, the Trustee argues that the District Court incorrectly applied a heightened pleading standard to the complaint. In reviewing the District Court's decision, we find no such error. The District Court was clear that it reviewed the Trustee's complaint under the ordinary plausibility standard set forth by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Kravitz v. Tavlarios, et al.*, No. 19 CIV. 8438 (NRB), 2020 WL 3871340, at *5 (S.D.N.Y. July 8, 2020). Regardless, on *de novo* review, applying the plausibility standard governing Federal Rule 8, and for the reasons discussed herein, we conclude that the District Court did not err in dismissing the Trustee's complaint.

*Int'l Inc. Deriv. Litig.*, 698 A.2d 959 (Del. Ch. 1996). As the Delaware Supreme Court has explained, to survive Defendants' motion to dismiss a *Caremark* claim, the Trustee must plausibly plead that either "(a) [Defendants] utterly failed to implement any reporting or information system or controls; *or* (b) having implemented such a system or controls, [Defendants] consciously failed to monitor or oversee its operations thus disabling themselves from being informed of risks or problems requiring their attention." *Stone ex rel. AmSouth Bancorporation v. Ritter*, 911 A.2d 362, 370 (Del. 2006) (emphasis in original). To satisfy either of these two conditions, a complaint must also plausibly allege that a defendant "had actual or constructive knowledge that [his or her] conduct was legally improper." *City of Birmingham Ret. & Relief Sys. v. Good*, 177 A.3d 47, 55 (Del. 2017). In light of these stringent requirements, "a *Caremark* claim is possibly the most difficult theory in corporation law upon which a plaintiff might hope to win a judgment." *Id. See also Marchand v. Barnhill*, 212 A.3d 805, 821 (Del. 2019) ("[O]ur case law gives deference to boards and has dismissed *Caremark* cases even when illegal or harmful company activities escaped detection, when the plaintiffs have been unable to plead that the board failed to make the required good faith effort to put a reasonable compliance and reporting system in place.").

As did the District Court, we conclude that the Trustee failed to plead a *Caremark* claim for liability. As mentioned above, to state such a claim under the first *Caremark* condition, the complaint would have had to allege that Aegean "utterly failed to implement *any* reporting or information system or controls," *Stone*, 911 A.2d at 370 (emphasis added), or that Defendants "made *no effort* to put in place a board-level compliance system," *Marchand*, 212 A.3d at 821 (emphasis added). While the complaint contained factual allegations as to cost-overruns on various projects, it alleged conclusorily that Defendants had "utterly disregard[ed] their fiduciary duties" and had exhibited bad faith through a "conscious failure to attempt to assure a reasonable information and reporting system" (Compl. ¶ 29). In contrast to such conclusory evaluations of Defendants' management, the complaint alleged that Melisanidis, who headed corporate development for Aegean, was required to report to Aegean's president and board of directors (*see* Compl. ¶ 25); that the board had in place an "Audit Committee from November 2008 through June 4, 2018," and for that entire period

4

board director defendant George Konomos was its chairman (Compl. ¶ 16); that the board engaged the independent auditing firm PricewaterhouseCoopers to examine Aegean's operations and report to the board (*see, e.g.*, Compl. ¶ 53); and that after being alerted by the auditors, the board engaged outside counsel to investigate (*see id.*).

The complaint's assertion that the system put in place by Defendants was not "reasonable" (Compl. ¶ 29) did not meet the above standard stated in the Delaware cases. The complaint's acknowledgment that Aegean's board in fact had an in-place audit committee at the relevant times, that throughout that period the committee was chaired by a member of the board, that the board required reporting by Melisanidis, and that the board engaged independent auditors and counsel to examine and report on Aegean's operations meant that to the extent that the complaint asserted that the Defendants did "nothing" and that there was an "utter[]" failure to implement "any" information or reporting system (Compl. ¶¶ 6, 43), those assertions were simply not plausible.

The District Court also correctly found that the Trustee's complaint failed to satisfy the second, alternative condition for a *Caremark* claim, under which a defendant may be subject to oversight liability if he or she "consciously failed to monitor or oversee [the] operations" related to an established system of controls. *Stone*, 911 A.2d at 370. The Trustee's allegations come closer to successfully pleading this condition. The complaint alleged that Melisanidis, who was allegedly forced to resign from the board of the Company because of his "checkered background" (Compl. ¶ 28), improperly played an influential role in Defendants' appointment to leadership positions at Aegean. It also alleged that Defendants' pre-existing business relationships with Melisanidis resulted in lax oversight of his continued activities within the Company. And the complaint alleged that Defendants should have been aware of "numerous . . . red flags" that should have alerted them to Melisanidis's efforts to "denude the Company of value." (Compl. ¶ 6.)

Under Delaware law, however, "red flags are only useful when they are either waved in one's face or displayed so that they are visible to the careful observer." *Wood v. Baum*, 953 A.2d 136, 143 (Del. 2008); *see, e.g.*, *Oklahoma Firefighters Pension & Ret. Sys. v. Corbat*, No. CV 12151-VCG, 2017 WL 6452240, at *16 (Del. Ch. Dec. 18, 2017) (rejecting *Caremark* claim

because there was no allegation that the board "consciously did nothing in response to the red flags"). In the present case, the complaint alleged that Melisanidis, in order "to mask" and "provide cover for his illicit activity," and to "further conceal his pillaging of the Company" (Compl. ¶ 5), "engineered a massive accounting fraud" (*id.*) using, *inter alia*, "shell entities," (*id.* ¶¶ 47, 49) "sham entities," (*id.* ¶ 5) "fake invoices," (*id.* ¶ 38) and "Fake Trade Receivables" that were made to "appear legitimate" (*id.* ¶¶ 56, 66). In light of the complaint's recognition that Melisanidis worked effectively to conceal his schemes to defraud the Company and that the Company (under Defendants' leadership) took affirmative steps to address operational issues when they were identified, we conclude that the Trustee's allegations fall short of supporting a plausible inference that Defendants consciously disregarded their fiduciary duties in a manner subjecting them to potential liability under the second condition for a *Caremark* claim.

Accordingly, because the Trustee's allegations did not show that the Defendants were "informed of potential unlawful acts in a way that puts them on notice of systematic wrongdoing," *Corbat*, 2017 WL 6452240, at *1, we agree with the District Court that the Trustee's claim that Defendants breached the duty of care must be dismissed.

**2.** In addition to challenging the District Court's legal conclusions, the Trustee also argues that the District Court committed reversible error when it took judicial notice of publicly available filings made with the U.S. Securities and Exchange Commission that were cited by Defendants in their motion to dismiss but were not attached to the Trustee's complaint. We disagree. District Courts may take judicial notice of facts "not subject to reasonable dispute" when they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). These sources include SEC filings. *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013). Consequently, we identify no abuse of discretion in the District Court's reliance on SEC filings cited by Defendants in their motion to dismiss.

**3.** We also discern no abuse of discretion in the District Court's denial of the Trustee's request for leave to amend his complaint. Although the Federal Rules of Civil Procedure provide that leave to amend "should be freely given when justice so requires,"

Fed. R. Civ. P. 15(a)(2), district courts operate well within their discretion when they deny motions for leave to amend a complaint that lack an explanation as to how the movant intends to cure defects found in the original complaint. *See, e.g.*, *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 275-76 (2d Cir. 2006). Under this standard and in light of the Trustee's *rejection* of an invitation by the District Court to file an amended complaint in response to Defendants' pre-motion letter, we see no injustice in the District Court's denial of the Trustee's request for leave to amend his complaint.

* * *

We have considered all of the arguments raised by the Trustee on appeal and find in them no basis for reversal. For the reasons stated above, the District Court's order and judgment of dismissal are **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

7