S.G. v. Bank of China U.S.A.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> MYRNA PÉREZ,
> > *Circuit Judges,*
> DALE E. HO,
> > *District Judge.*[*]

---

S.G., M.G., on behalf of themselves and others similarly situated,

> *Plaintiffs-Appellants*,

v.                                                                No. 24-1426

BANK OF CHINA U.S.A.,
BOC INTERNATIONAL HOLDINGS LTD,
BOCI COMMODITIES & FUTURES (USA)
LLC, CME GROUP INC., NEW YORK
MERCANTILE EXCHANGE, INC.,

> *Defendants-Appellees,*

BANK OF CHINA LTD.,

> *Defendant.*

---

[*] Judge Dale E. Ho, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFFS-APPELLANTS:**        JOHN Y. TANG (Wenjie Cai, *on the brief*), Tang PC, Ridgewood, NY

**FOR DEFENDANTS-APPELLEES:**        BRIAN S. WEINSTEIN (James I. McClammy, *on the brief*), Davis Polk & Wardwell LLP, New York, NY, *for* Bank of China U.S.A. and BOCI Commodities & Futures (USA) LLC

JONATHAN YOUNGWOOD, Simpson Thacher & Bartlett LLP, New York, NY, *for* BOC International Holdings Ltd

SHARI A. BRANDT (Matthew M. Riccardi, *on the brief*), Perkins Coie LLP, New York, NY, *for* CME Group Inc. and New York Mercantile Exchange, Inc.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants brought a putative class action against Bank of China Ltd. and three of its subsidiaries (together, "Bank of China defendants") along with New York Mercantile Exchange, Inc. ("NYMEX") and its parent company, CME Group Inc. (together, "CME defendants").

The district court granted dismissal of all claims against all defendants except Bank of China Ltd., who has not yet been served and did not appear before the court. With respect to the other Bank of China defendants, the court concluded that Plaintiffs had failed to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b) because the complaint largely failed to distinguish between the Bank of China defendants, making it impossible for each entity to know the specific accusations against it. The court also dismissed the claims against the CME defendants

2

on the grounds that they enjoy absolute immunity for their regulatory activities. The district court denied Plaintiffs leave to amend their complaint, finding that the amendments proposed in Plaintiffs' response papers would fail to cure the defects warranting dismissal. We assume the parties' familiarity with the remaining facts and procedural history, which we recount only as necessary to explain our decision.

## DISCUSSION

We review de novo the decision to grant a motion to dismiss, *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016), including on absolute-immunity grounds, *City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36, 46 (2d Cir. 2017). We review for abuse of discretion a district court's denial of leave to amend a complaint. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). We agree that the claims as pleaded warranted dismissal, and we conclude that the district court did not abuse its discretion in denying Plaintiffs leave to amend.

## I. Dismissal

The district court correctly concluded that the claims against the Bank of China defendants were insufficiently specific under Rules 8 and 9(b). For the most part, the complaint alleges conduct by "Defendant BOC Group," referring collectively to all Bank of China defendants, without specifying which entity carried out what conduct. App'x at 21 ¶ 14; *see also* App'x at 35–39 (bringing seven counts against "Defendant BOC Group").[1] Nor does the complaint allege a basis to disregard these entities' corporate separateness. Collective allegations of this sort do not satisfy Rule 8's pleading requirements. *See, e.g., City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Sec. Corp.*, 92 F.4th 381, 410 (2d Cir. 2024) ("These allegations suffer from a flaw that is

---

[1] Allegations against an individual Bank of China defendant are, with rare exception, made against Bank of China Ltd., not against any of the Bank of China entities subject to the judgment.

3

evident *passim*: they are generic and bundle together the Boycott Defendants or primary dealers.").

Similarly, they are insufficiently specific under Rule 9(b), which requires that "the circumstances constituting fraud" be alleged "with particularity." Fed. R. Civ. P. 9(b).

We also decline to disturb the district court's judgment as to the claims against the CME defendants. Plaintiffs do not meaningfully challenge the district court's finding that the CME defendants enjoy the same absolute immunity from suit that we have held applies to securities exchanges. *Cf. In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 96 (2d Cir. 2007) (holding that securities exchanges are entitled to absolute immunity from liability arising from their exercise or non-exercise of quasi-governmental regulatory functions). We therefore assume without deciding that the district court was correct on that score. Plaintiffs argue instead that their allegations are insufficiently related to NYMEX's regulatory responsibilities, suggesting that immunity would not apply here in any event.[2] We disagree. The allegations against the CME defendants center on NYMEX's operation of its anti-money-laundering program and its duties to ensure the stability of the commodities markets—activities that are squarely "within the scope of the quasi-governmental powers delegated to [NYMEX]." *In re NYSE Specialists*, 503 F.3d at 96; *see also* 7 U.S.C. § 7(d) (specifying the duties delegated to government-designated commodities exchanges, including "to prevent manipulation, price distortion, and disruptions of the delivery or cash-settlement process"). Plaintiffs' narrow challenge to the district court's immunity finding is without merit, and we affirm the judgment as to the CME defendants on that basis.

---

[2] At oral argument, Plaintiffs introduced a new argument—that defendant CME Group Inc., the exchange's parent company, is not entitled to immunity because it is not itself a commodity exchange. Because Plaintiffs waived this argument by not raising it in their opening brief, we decline to reach it. *See Gao v. Barr*, 968 F.3d 137, 141 n.1 (2d Cir. 2020) ("It is well established that arguments raised for the first time at oral argument are deemed waived." (quotation marks omitted)).

## II.     Leave to Amend the Complaint

The district court denied leave to amend because Plaintiffs had failed to indicate, in their papers opposing the motions to dismiss, how amendment would cure their complaint's deficiencies.  We have held that "[a] counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured."  *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).  Plaintiffs failed to make such a showing to the district court, requesting leave to amend only generally and briefly suggesting the inclusion of additional claims, the viability of which they do not defend on appeal.

In their brief to this Court, Plaintiffs argued that the district court's ruling "was premature because [they] had no[] opportunity to present the amended pleadings."  Appellants' Br. at 19.  When pressed at oral argument, though, Plaintiffs' counsel conceded that there was such an opportunity—when opposing the motions to dismiss—but that he thought it unnecessary to propose specific amendments at that time.  On these facts, we cannot conclude that the district court abused its discretion in denying Plaintiffs leave to amend their complaint.

\* \* \*

We have considered Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court