*Cresci v. Mohawk Valley Community College*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

PETER J. CRESCI,

> *Plaintiff-Appellant,*

> > v.                                    No. 15-3234

MOHAWK VALLEY COMMUNITY COLLEGE,
KIMBERLY EVANS-DAME, Individually,
JOHN DOES 1-4,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Peter Cresci, *pro se*, Cresci Law Firm LLC, Bayonne, NJ.

FOR DEFENDANTS-APPELLEES:                   Charles C. Spagnoli, The Law Firm of Frank W. Miller, East Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 11, 2015 judgment entered by the District Court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.

Appellant Peter J. Cresci, an attorney proceeding *pro se*, sued Mohawk Valley Community College ("MVCC") and several of its employees under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–35, for discrimination and retaliation and for First Amendment retaliation under 42 U.S.C. § 1983. He alleges that, in 2012 and 2013, MVCC refused to hire him for various positions because of his status as a veteran and in retaliation for his protected speech. Cresci appeals the District Court's judgment dismissing with prejudice his USERRA claims for lack of subject matter jurisdiction and his retaliation cause of action for failure to state a claim. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision.

We review *de novo* a district court's legal conclusions with respect to subject matter jurisdiction. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). A district court must dismiss a cause of action under Rule 12(b)(1) for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate [the claim]." *Id.* (internal quotation marks omitted). Section 4323 of title 38 governs jurisdiction over claims brought under USERRA. Section 4323 states in relevant part:

> (b) Jurisdiction.—(1) In the case of an action against a State (as an employer) or a private employer commenced *by the United States*, the district courts of the United States shall have jurisdiction over the action.
>
> (2) In the case of an action against a State (as an employer) *by a person*, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.

                    (3) In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

38 U.S.C. § 4323(b) (emphasis added). USERRA defines a "State" as "each of the several States of the United States . . . (including the agencies and political subdivisions thereof)." *Id.* § 4303(14). Thus, lawsuits brought under USERRA by an individual against a state agency such as MVCC may not proceed in federal courts; they may be litigated only in state courts. The District Court therefore correctly determined that it lacked subject matter jurisdiction over Cresci's USERRA claims. *See McIntosh v. Partridge*, 540 F.3d 315, 320–21 (5th Cir. 2008).[1]

Regarding Cresci's First Amendment retaliation claim: we review *de novo* a dismissal pursuant to Rule 12(b)(6). *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations that the defendant violated the law will not suffice. *See Twombly*, 550 U.S. at 555.

A plaintiff pursuing a retaliation claim under the First Amendment must allege that "(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and that adverse employment decision, so that it can be said that the plaintiff's speech was a motivating factor in the adverse employment action." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed.*, 444 F.3d 158, 162 (2d Cir. 2006). With respect to the "causal connection" requirement, a plaintiff must plead facts from which it can reasonably be inferred that the defendant was aware of the purportedly protected speech. *See Wrobel v. Cnty. of Erie*, 692 F.3d 22, 32 (2d Cir. 2012) ("[I]t is only intuitive that for protected conduct to be a substantial or motiving factor in a decision, the decisionmakers must be aware of the protected conduct." (internal quotation marks omitted)).

---

[1] Further, the statute contains no provision permitting USERRA claims to be brought against individuals. Nor can a plaintiff avoid USERRA's limitation in this respect by casting a claim based on USERRA and aimed at an individual state actor as one brought under 42 U.S.C. § 1983. *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159–61 (2d Cir. 2005).

Cresci contends that, in declining on several occasions to hire him, MVCC acted in retaliation for his having represented clients in civil rights litigation. Even assuming that Cresci's litigation on behalf of others was protected speech of his own—which is at best uncertain—the District Court correctly determined that Cresci failed to allege facts from which the court could infer that MVCC was aware of any such protected speech. The only allegation in the complaint that alludes to MVCC's awareness states, without more, "Defendant Evans-Dame took exception to [Cresci's] civil rights work." Compl. ¶ 18. The District Court subsequently deemed incorporated into the complaint several documents that Cresci submitted with his opposition to the motion to dismiss. These included a cover letter and resume that Cresci apparently submitted to Evans-Dame in connection with a job application referred to in his complaint. Cresci argues now that MVCC became aware of his speech from the work listed on his resume. But the resume includes only general references to the numerous areas of litigation in which Cresci represented he had practiced. The District Court did not err in concluding that this provided insufficient support for his allegation that MVCC knew of any protected speech.

Cresci also alleges that Defendants retaliated against him for submitting to MVCC requests pursuant to the New York State Freedom of Information Law ("FOIL") for the production of documents. Again, we need not decide whether filing such requests constitutes protected speech, for even assuming that it does, the complaint docs not plausibly allege that Cresci was rejected because of his FOIL request. He had already been rejected for the same position in November 2012 prior to making his FOIL demand. It is therefore implausible that MVCC's decision makers, who had rejected him a few months earlier before he made a FOIL demand, were now rejecting him because of his intervening FOIL demand.

Finally, Cresci argues that the District Court erred in denying him leave to amend the complaint. We agree. Simultaneously, in a single order, the court granted the defendant's motion to dismiss, identifying the flaws it found in Cresci's complaint, and denied Cresci leave to replead, faulting him for having failed to submit a proposed amended complaint in the time between the defendant's motion to dismiss and the court's ruling on it. The court

4

entered judgment the same day. In so ruling, the court committed a slight variant of the error we criticized and overturned in *Loreley Financing v. Wells Fargo Securities, LLC*, 797 F.3d 160 (2d Cir. 2015). The proper time for a plaintiff to move to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient. Before learning from the court what are its deficiencies, the plaintiff cannot know whether he is capable of amending the complaint efficaciously. Here, Cresci learned what deficiencies the court had found upon receiving the District Court's order dismissing his complaint, but that same order prohibited Cresci from amending his complaint.

As we reasoned in *Loreley*, "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." 797 F.3d at 190. The court's error was all the more egregious because Cresci, in his papers opposing the motion to dismiss, had expressly asked to be allowed to replead in the event of an adverse ruling.

It is the District Court's ruling, not the defendant's arguments in support of a motion to dismiss, that puts a plaintiff on notice of the complaint's deficiencies. *See id.* A plaintiff has no obligation to replead merely because the defendant has argued that the complaint is deficient, without knowing whether the court will agree. *See id.* The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend. Such a denial is not compatible with the liberal objective of Rule 15. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam) ("Without doubt, this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6).").[2]

---

[2] We also think the District Court is mistaken in interpreting NDNY Local Rule 7.1(a)(4) to mean that a plaintiff is compelled to provide the District Court a proposed amended complaint (or to at least identify intended changes) in the plaintiff's opposition papers to a motion to dismiss, prior to knowing whether the District Court will grant the motion to dismiss or on what grounds. The rule requires that a plaintiff submit a proposed amended complaint together with a motion for leave to amend the pleading, but it does not suggest that a plaintiff is required to so move prior to learning that the court will find the complaint defective. This interpretation would be difficult to justify, especially given our ruling in *Loreley Financing*. A more reasonable interpretation of the Rule is that, upon moving to amend *at the appropriate*

5

We therefore conclude that the District Court exceeded the permissible bounds of its discretion in failing to heed the message of *Loreley*, and denying Cresci an opportunity to amend after the court rendered its decision on defendant's motion to dismiss. For this reason, we reverse the judgment of the District Court dismissing the complaint's First Amendment retaliation claim with prejudice and remand for further proceedings consistent with this order. We affirm the District Court's dismissal for want of jurisdiction over the USERRA claims.

* * *

We have considered all of the parties' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court in part, **REVERSE** in part, and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

*time*—that is, after being advised by the court of the complaint's defects—the plaintiff must attach a proposed amended complaint showing how the plaintiff proposes to cure the defects.