20-714-cv
Schvimmer v. Office of Ct. Admin.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-one.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Israel Schvimmer, Miriam Schvimmer,

> *Plaintiffs-Appellants,*

> v.                                                                                          20-714

The Office of Court Administration; NYC Police Det. Gwernen Buckner, of the 79th Precinct; New York State Office of Children and Family Services; David A. Hansell (Reg. #1950179), individually and as NYC Commissioner of the Administration for Children's Services;

Corporation Counsel of the City of New York; Rebecca Elizabeth Szewczuk (Reg. #4686903), individually and as Attorney for NYC-ACS Kings County Family Court and Attorney for Corporation Counsel of the City of New York; Ian Sangenito (Reg. #3035235), individually and as Attorney for NYC-ACS Kings County Family Court; John Anthony Morgano (Reg. #4558565), individually and as Attorney for NYC-ACS, and as Attorney for Corporation Counsel of the City of New York; Kathy Ann Best, individually and as Caseworker for NYC-ACS; Carmalita Cyrus, individually and as Supervisor #1 for NYC-ACS; Karen McNeely, individually and as Caseworker for NYC-ACS, Airat Bakara Adejobi, individually and as a Supervisor for NYC-ACS; Cecily Francis, individually and as NYC-ACS Supervisor; Jeanette Vega-Alvarez (LIC #041405), individually and as NYC-ACS Supervisor FSU; Beverly Drayton, individually and as Caseworker for NYC-ACS; Peter Hill, LCSW (LIC #028238), individually and as Caseworker for NYC-ACS; Jonathen Caceras, individually and as Caseworker for NYC-ACS; Syndia Semexant, individually and as Caseworker for NYC-ACS; Wanda Fraser; Christine AKA Lottie Henderson, individually and as Caseworker for NYC-ACS; Lorek Grazna, individually and as Caseworker for NYC-ACS; Chigewe Chisaramokwu, individually and as Caseworker for NYC-ACS; Sharon St. Hill, individually and as Caseworker for NYC-ACS; Nicholas P. Smith, LCSW, individually and as Caseworker for NYC-ACS; Emmanuelle Flax, individually and as Caseworker for NYC-ACS; Harvey S. Jacobs; Sally Simone Markowitz (Reg. #3986031),

individually, Court-Appointed Attorney; Rabbi Azriel Juda Katz, Liaison for NYC-ACS; Billa Tessler Bendet, LCSW (LIC #045031), individually and as Court-appointed Therapist,

*Defendants-Appellees*.[1]

FOR PLAINTIFFS-APPELLANTS:

ISRAEL SCHVIMMER, MIRIAM SCHVIMMER, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:

Pedro Morales, New York State Unified Court System, Office of Court Administration, New York, NY, *for* the Office of Court Administration;

Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY, *for* the New York State Office of Children and Families;

Jane L. Gordon, Daniel Matza-Brown, Assistant Corporation Counsel, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY, *for* Airat Bakara Adejobi, Kathy Ann Best, Gwernen Buckner, Jonathen Caceras, Chigewe Chisaramokwu, Christine AKA Lottie Henderson,

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

Carmalita Cyrus, Beverly Drayton, Emmanuelle Flax, Cecily Francis, Wanda Fraser, Lorek Grazna, David A. Hansell, Karen McNeely, John Anthony Morgano, Ian Sangenito, Syndia Semexant, Sharon St. Hill, Rebecca Elizabeth Szewczuk, Jeanette Vega-Alvarez, and Corporation Counsel of the City of New York;

Sally Simone Markowitz, pro se, Highlands Ranch, CO;

Roland T. Koke, Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY, *for* Peter Hill and Nicholas P. Smith;

Harvey S. Jacobs, pro se, Brooklyn, NY;

Samantha Velez, Rutherford Christie, LLP, New York, NY, *for* Billa Tessler Bendet.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for the district court to entertain the plaintiffs' motion for leave to amend.

4

Appellants Israel and Miriam Schvimmer sued employees of the New York City Administration for Children's Services ("ACS") and others under 42 U.S.C. § 1983, other federal statutes, and state law. The Schvimmers allege that ACS and other defendants separated the Schvimmers' daughter from her family in 2017. Then, over the course of several years, the defendants denied the Schvimmers a hearing by obtaining nineteen consecutive extensions of a "temporary order of protection" that kept the Schvimmers from having contact with their daughter without a finding of danger or unfitness and without allowing the Schvimmers to speak in their own defense. Instead, the defendants continued a lengthy process of alleged fact-finding during which the Schvimmers' other children were interviewed without their parents' consent, and their daughter remained separated from her parents indefinitely.

Although their original complaint was filed pro se, the Schvimmers later retained an attorney after the defendants filed pre-motion letters seeking dismissal of the complaint. The attorney sought leave to amend the pro se complaint, but the district court denied leave. The district court explained that it would not permit amendment while motions to dismiss were pending. After the motions to dismiss were fully briefed, the district court dismissed the complaint for failure to state a claim in a summary two-page order without any analysis of the complaint. In the dismissal order, the district court again denied leave to amend, reasoning that the Schvimmers should have sought to

5

amend the complaint earlier. The Schvimmers appeal, now proceeding pro se. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

We review *de novo* the dismissal of a complaint for failure to state a claim. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We review a denial of leave to amend for abuse of discretion. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). "Although [Federal Rule of Civil Procedure] 15(a) provides that leave to amend a complaint 'shall be freely given when justice so requires,' … it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). A district court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

In this case, the district court erred by failing to explain its reasons for dismissing the Schvimmers' complaint. The Federal Rules of Civil Procedure do not require district courts to provide reasoning when ruling on Rule 12 motions. *See* Fed. R. Civ. P. 52(a)(3)

6

("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56"). Nevertheless, we have said on numerous occasions that the better practice is for a district court to explain its reasoning. In *Lucas v. Miles*, we noted that "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." 84 F.3d 532, 535 (2d Cir. 1996). In *Watkins v. City of New York*, we explained that while "[w]e do not generally require that district courts set forth in exhaustive detail their rationale for dismissing actions brought by *pro se* litigants," nevertheless "notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court." 768 F. App'x 101, 101 n.1 (2d Cir. 2019). Cases in which we have affirmed orders that contained little or no reasoning usually have involved vexatious litigants or patently frivolous claims for which amendment would not cure any deficiency. *See, e.g., Bank v. Alarm.com Holdings, Inc.*, 828 F. App'x 5, 8 (2d Cir. 2020); *Watkins*, 768 F. App'x at 102-03. This case does not involve a vexatious litigant or a complaint that has incurable deficiencies.

The Schvimmers' pleadings and motion papers in the district court suggest that at least some claims would have been properly stated if leave to amend had been granted. For example, the Schvimmers allege that their and their children's Fourth Amendment rights were violated when the ACS defendants temporarily seized and interviewed their children over their objections. We have recognized that parents may assert such claims

7

on their children's behalf. *See Southerland v. City of New York*, 680 F.3d 127, 143 (2d Cir. 2012). To establish that a seizure violated the Fourth Amendment, a plaintiff must show that the seizure was unreasonable—i.e., that it was not supported by probable cause. *Tenenbaum v. Williams*, 193 F.3d 581, 602 (2d Cir. 1999). Only in emergency circumstances in which a child is "immediately threatened with harm" may a state official take custody (even temporarily) of a child without parental consent or a court order. *Id.* at 594. The Schvimmers allege that they were never found to be negligent or abusive and that ACS caseworkers investigated over a period of two weeks before a petition was filed in family court, and therefore the complaint appears to allege sufficient facts to state a claim that there were no emergency circumstances involved and the caseworkers who seized and interviewed the children could have obtained a court order but failed to do so.

Similarly, the Schvimmers raised a plausible Fourteenth Amendment procedural due process claim based on the repeated denial of a full and fair hearing regarding extensions of a temporary order of protection separating them from their daughter. "The Fourteenth Amendment imposes a requirement that except in emergency circumstances, judicial process must be accorded both parent and child before removal of the child from his or her parent's custody may be effected." *Southerland*, 680 F.3d at 142. The amended complaint and Miriam Schvimmer's affidavit allege that she and her husband have been repeatedly denied opportunities for full hearings to determine the factual issues of

8

whether they were fit parents and whether their daughter faced danger in their household, were not permitted to present their expert testimony or other evidence at the limited hearings that did occur, and often received no notice of those hearings, which permitted ACS officials to obtain nineteen ex parte orders that extended the order of protection. The complaint therefore indicates that the Schvimmers were denied judicial process before an order of protection was entered or extended. At the very least, the viability of such a claim appears plausible and could be clarified through amendment. Amendment would also indicate which defendants were involved with the family court hearings and permit the district court to determine whether such defendants may be entitled to some form of immunity from suit.

## II

The district court's failure to explain why it dismissed the complaint is made more troubling by the district court's denial of leave to amend. We have previously held that a district court abuses its discretion by denying leave to amend while simultaneously deciding that the complaint was defective. In *Cresci v. Mohawk Valley Community College*, the district court denied the plaintiff, a pro se attorney, leave to amend based on his failure to submit a proposed amended complaint prior to deciding the motion to dismiss. 693 F. App'x 21, 24-25 (2d Cir. 2017). We concluded that such criticism was "unjustified" because the plaintiff did not have an obligation to replead based solely on the defendant's

argument that the complaint was deficient. Ultimately, we vacated the judgment because the plaintiff was "effectively deprived … of a reasonable opportunity to seek leave to amend." *Id.* The Schvimmers were also denied an opportunity to amend their complaint at the same time the district court dismissed it. In this case, moreover, the district court did not even identify the purported deficiencies in the complaint.

The district court's decision to deny leave to amend on February 20, 2020, based on undue delay was an abuse of discretion. The district court denied leave on the ground that the Schvimmers' counsel had not filed an amended complaint in the ten-month period prior to the dismissal. But when the Schvimmers' attorney had attempted to amend the complaint in July 2019, the district court denied leave on the ground that amendment should await the district court's consideration of the motion to dismiss, which it did not resolve until February 20, 2020.

Moreover, even if the Schvimmers had not attempted to amend their complaint in July 2019, the ten-month delay between their attorney's appearance and the district court's order dismissing the complaint and denying leave to amend was insufficient to warrant denial of leave to amend. We have not set out a specific definition for undue delay, but most delays warranting denial of leave to amend are several years in length and are discussed in conjunction with prejudice or bad faith. *See, e.g.*, *Ruotolo v. City of New York*, 514 F.3d 184, 190-92 (2d Cir. 2008); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44,

10

47-48 (2d Cir. 1983). Thus, "[m]ere delay, … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). There would have been little or no prejudice resulting from this delay because the Schvimmers' federal claims were timely filed and discovery had not begun. *See, e.g., Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) (holding that a grant of amendment was proper even with a four-year delay because the non-movant could not show prejudice); *Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384-85 (2d Cir. 1968) (holding that a three-year delay in amending the complaint was insufficient to deny amendment because the motion was made prior to trial and a new claim did not require additional discovery).

* * *

For the foregoing reasons, we **VACATE** the judgment and **REMAND** the case for the district court to consider the plaintiffs' motion for leave to amend the complaint. We direct that this case be reassigned to a different judge upon remand to the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11