Colliton v. Bunt

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand eighteen.

PRESENT:
>
> DENNIS JACOBS,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> Circuit Judges.

_____

James Patrick Colliton,

Plaintiff-Appellant,

v.                                                          17-942

Kelly Bunt, in Individual and Official Capacities, Jeffrey Walraven, in

**Individual and Official Capacities,
Timothy Meester, in Individual and
Official Capacities,**

<u>**Defendants-Appellees**</u>**,**

**Information Verification Services, Inc.,
Dutchess County Office of Probation and
Community Corrections, Family Services,
Inc., Louis Criscella, Brian Doyle,
Margaret Calista, Carla Tesoro, Mary Ellen
Still,**

<u>**Defendants**</u>**.**

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | James Patrick Colliton, <u>pro se</u>, Wappingers Falls, NY. |
| **FOR DEFENDANTS-APPELLEES:** | David L. Posner, McCabe & Mack LLP, Poughkeepsie, NY, <u>for</u> Jeffrey Walraven and Timothy Meester. Jonathan M. Bernstein, Goldberg Segalla LLP, Albany, NY, <u>for</u> Kelly Bunt. |

Appeal from an order of the United States District Court for the Southern District of New York (Seibel, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant James Patrick Colliton, a former lawyer appearing <u>pro se</u>, appeals from the district court's December 27, 2016 order dismissing his 42 U.S.C. § 1983 complaint. Colliton sued individuals and organizations involved in

administering his probation and sex offender treatment. The first amended complaint alleged (inter alia) that the defendants had violated his Fifth Amendment privilege against self-incrimination by requiring him to comply with mandatory polygraph examinations. The district court dismissed that claim sua sponte on November 5, 2015. The third amended complaint alleges that the defendants had violated Colliton's First Amendment rights to practice his religion and needlessly imposed sex offender treatment. In opposition to the defendants' motions to dismiss the third amended complaint, Colliton submitted an affidavit containing new factual assertions, and requested leave to amend his complaint a fourth time. By order on December 27, 2016, the court declined to consider Colliton's affidavit and granted the motions to dismiss. The court denied leave to amend unless Colliton filed a formal motion by January 2017 addressing specific issues. Colliton did not file the motion and, instead, appeals to this Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

With respect to the November 2015 Order, we lack jurisdiction to review the district court's sua sponte dismissal of the Fifth Amendment polygraph claim because the notice of appeal designated only the December 2016 Order (granting the defendants' motions to dismiss) as being challenged on appeal. *See* Fed. R. App. P. 3(c)(1)(B) (a notice of appeal must "designate the judgment, order, or part thereof being appealed"); Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P., 756 F.3d 73, 93 (2d Cir. 2014). Because Colliton is a former lawyer, he is not entitled to any special solicitude as a pro se litigant. See, e.g., Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010).

In any event, the claim fails on the merits. "[W]e have held that a condition requiring polygraph tests for defendants convicted of sex crimes does not violate the right against self-incrimination as long as the supervisee retains the right to challenge in a court of law the use of incriminating statements as violations of his Fifth Amendment rights." United States v. Ramos, 658 F.3d 120, 126-27 (2d Cir. 2012). Nothing in the record indicates that Colliton would not have had such a right if defendants had charged him with parole violation and urged an adverse inference from his refusal to submit to a polygraph test.

3

Accordingly, we identify no error in the district court's dismissal of the Fifth Amendment polygraph claim.

With respect to the December 2016 Order, we conclude that the district court properly dismissed Colliton's remaining claims. We review the district court's grant of a motion to dismiss for failure to state a claim de novo, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016). We review the district court's denial of leave to amend for abuse of discretion. Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012).

The district court did not err when it declined to consider Colliton's affidavit submitted in opposition to the defendants' motions to dismiss since, generally, courts cannot consider new factual assertions in an affidavit submitted in opposition to a motion to dismiss. See Faulkner v. Beer, 463 F.3d 130, 134 n.1 (2d Cir. 2006). Moreover, it did not abuse its discretion by denying leave to amend, given that Colliton had already amended his complaint three times, made no formal motion to amend despite being given an opportunity to do so, did not submit a proposed amended complaint, and provided no justification for waiting to seek amendment. See Yerdon v. Henry, 91 F.3d 370, 378 (2d Cir. 1996). A district court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)). The district court based its decision on these factors, and required Colliton to address them if he made a formal motion seeking leave to file a fourth amended complaint.

We have considered all of Colliton's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4