21-1551-cv
*Gray Gables Corp. v. Arthur*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

GRAY GABLES CORPORATION, CECILE
REUS, FREDERICK REUS,

          *Plaintiffs-Appellants*,

          v.                                                    21-1551-cv

WILLIAM ARTHUR, MICHAEL
TETREAULT, TOWN OF CHAZY,

          *Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:        ALAN PAUL WEINRAUB, Champlain, NY

FOR DEFENDANTS-APPELLEES:         LORAINE C. JELINEK, Johnson & Laws,
                                  LLC, Clifton Park, NY

Appeal from a June 15, 2021 order and June 16, 2021 judgment entered by the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 15, 2021 order and June 16, 2021 judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiffs Gray Gables Corporation ("Gray Gables") and its owners Cecile and Frederick Reus ("the Reuses") appeal from an order and judgment of the District Court denying their motion to file a Third Proposed Amended Complaint ("TPAC") on futility grounds and dismissing their Section 1983 claims with prejudice. In the TPAC and the exhibits incorporated therein, Gray Gables alleges that Defendants — the Town of Chazy, New York; William Arthur, the town supervisor; and Michael Tetreault, the town building code and zoning officer — wrongfully condemned as uninhabitable an apartment building owned by Gray Gables (the "Apartment Building"). Already having had successive proposed amended complaints twice found by the District Court to be insufficient under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs sought leave to file the TPAC, alleging (1) that Defendants were liable under 42 U.S.C. § 1983 for, *inter alia*, violating Gray Gables's procedural due process and equal protection rights, and (2) claims for libel and slander under state law. The District Court denied Plaintiffs' motion to amend and dismissed with prejudice their Section 1983 claims; this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

As a preliminary matter, we first consider — as we must — whether the Reuses have standing under Article III of the Constitution to pursue this action and, therefore, this appeal. *See In re Clinton Nurseries, Inc.*, 998 F.3d 56, 63 (2d Cir. 2021). As alleged, the Apartment Building is owned by Gray Gables, which in turn is "100% owned" by the Reuses, who "are also [Gray Gables's] officers and directors." District Court ECF No. 27-3, at 3. As a "general principle[,] . . . a shareholder cannot sue in his individual capacity to redress wrongs inflicted upon a corporation in which he holds stock." *Bingham v. Zolt*, 66 F.3d 553, 561 (2d Cir. 1995). Any alleged injury suffered by the Reuses, therefore, occurs "only as a result of the injury to another, *i.e.*, [Gray Gables] [C]orporation." *See id.* at 562. Therefore, we conclude — as the District Court did, *see Reus v. Arthur*, No. 8:19-CV-1327 (BKS) (DJS), 2020 WL 5122376, at *4-5 (N.D.N.Y. Aug. 31, 2020) — that the Reuses lack standing to bring Section 1983 claims concerning the condemnation of the Apartment Building. Their claims were correctly dismissed on this ground.

## II.

We now consider the District Court's refusal to grant Gray Gables leave to file the TPAC. Where, as here, a district court's denial of leave to file an amended complaint is based on futility — a legal determination that "proposed amendments would fail to cure prior deficiencies or to state a

claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure" — we review that decision *de novo*. *Panther Partners Inc. v. Ikanos Comm'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). In doing so, we "consider the proposed amendment[] along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id.* (cleaned up) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009)[1]); *see also Nettis v. Levitt*, 241 F.3d 186, 194 n.4 (2d Cir. 2001) (per curiam) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss."), *overruled on other grounds by Slayton v. Am. Exp. Co.*, 460 F.3d 215 (2d Cir. 2006).

Like the District Court, we conclude that the TPAC failed to plausibly allege a violation of Gray Gables's procedural due process rights. The extent of the TPAC's relevant allegations is that Plaintiffs did not receive "specific notice . . . about any repairs needing to be made to [the Apartment Building] before condemning [it]," and that the Chazy Town Board "ratified the condemnation order . . . without hearing from plaintiff or plaintiff's attorney prior to making the condemnation order nor giving them an opportunity to cure any problem the Board had with the [Apartment Building]." District Court ECF No. 27-3, at 2-3. Notably, Defendants invoked emergency provisions of a local ordinance to condemn the Apartment Building. Under these circumstances, to successfully allege a procedural due process violation, Gray Gables "must provide factual allegations that permit a plausible inference that (1) the relevant official(s) lacked 'competent evidence . . . to reasonably believe' that an emergency existed; or (2) that an official's decision to invoke an emergency procedure was 'arbitrary or amount[ed] to an abuse of discretion'; or (3) that a state's post-deprivation remedies are somehow inadequate." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 45 (2d Cir. 2014) (summary order) (quoting *Catanzaro v. Weiden*, 188 F.3d 56, 63 (2d Cir. 1999)).

Apart from a conclusory allegation that the condemnation was "wrongful," District Court ECF No. 27-3, at 3, the TPAC makes no allegations supporting an inference that Defendants' conclusion — *i.e.*, that an emergency required the immediate condemnation of the Apartment Building — was erroneous, arbitrary, or unsupported by evidence. The closest it comes is in stating that "the list provided by the Town contains many items, [but] very few, if any[,] could be considered to present a 'clear and imminent danger to life, safety or health of any person or property.'" District Court ECF No. 27-3, at 2. But this — the TPAC's only mention of a list of

---

[1]     Gray Gables argues for the first time on appeal that *Iqbal* was wrongly decided, and that the District Court was wrong to rely on *Iqbal* in denying it leave to file the TPAC. Whatever disagreements Gray Gables has with *Iqbal* it is free to make in a petition for certiorari; until such time as the Supreme Court states otherwise, decisions of the Supreme Court remain binding on us and all lower courts.

purportedly deficient conditions relied upon by Defendants — asserts no facts admitting a plausible inference that Defendants lacked a reasonable basis to identify an emergency. And while the TPAC alleges that the Town Board ratified the condemnation order prior to hearing from Plaintiffs or granting them an opportunity to correct any issues with the Apartment Building, it nowhere alleges that post-deprivation remedies would be inadequate.[2]

In arguing otherwise, Gray Gables points to several materials outside of the TPAC and the three exhibits incorporated therein. In particular, it relies heavily on an affidavit written by a retained civil engineer who concluded that the Apartment Building posed "no immediate threat to life" and "no threat to the morals or general welfare of the general public." App'x 220-21. As the District Court noted on multiple occasions, however, *see* App'x 202, 269-72, a court assessing the futility of a proposed amendment may only review those materials appropriate for consideration under the general Rule 12(b)(6) standard, *i.e.*, "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," as well as any document "where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted). Gray Gables's extraneous materials fall into none of these categories. *See Faulkner v. Beer*, 463 F.3d 130, 134 n.1 (2d Cir. 2006) (concluding that it would have been error for the district court to rely on declarations submitted by plaintiffs in dismissing the complaint under Rule 12(b)(6)); *see also Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015) (refusing to consider an attached affidavit as part of complaint). Nor, as Gray Gables suggests, are the materials the type "of which judicial notice may be taken." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (internal quotation marks omitted).

Next, we agree with the District Court's conclusion that the TPAC failed to plausibly allege a violation of Gray Gables's equal protection rights. The TPAC's sole allegation concerning the equal protection claim is that Defendants "singl[ed] out plaintiff and its management by not closing similar or worse properties." District Court ECF No. 27-3, at 1. This conclusory allegation is not enough to state a so-called class-of-one equal protection claim, which requires Gray Gables to "show an extremely high degree of similarity between [itself] and the persons to whom [it] compare[s] [itself]."

---

[2]     Gray Gables also summarily alleges that the town ordinance invoked by Defendants to condemn the Apartment Building, Chazy Local Law No. 3 (1994), "*may* be void for ambiguity," District Court ECF No. 27-3, at 2 (emphasis added), an argument it repeats in its papers before us, *see* Appellants' Br. 21 (stating without any explanation that the ordinance is unconstitutionally "vague and overbroad"). Noticeably absent from any of Gray Gables's papers is any explanation of *how* the ordinance is unconstitutionally vague, overbroad, or ambiguous. We therefore decline to credit this argument. *See generally Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012) (stating that "cursory, conclusory references" to arguments "do not present [them] for appellate review").

*Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (internal quotation marks omitted). Moreover, as the District Court concluded, the TPAC "contains no facts that would allow an inference that Defendants intentionally treated Plaintiff differently." *Reus*, 2020 WL 5122376, at *6.[3]

To the extent that Gray Gables intends to allege a violation of the Fifth Amendment's Takings Clause — something which the TPAC does not state explicitly — the TPAC failed to state any such claim.[4] Gray Gables alleges merely that Defendants "wrongfully shut down and condemned" the Apartment Building, resulting in $6,600 in lost rent revenue per month. District Court ECF No. 27-3, at 3-4. These allegations are not enough to "me[e]t the heavy burden necessary to establish a regulatory taking." *Buffalo Tchrs. Fed'n v. Tobe*, 464 F.3d 362, 375 (2d Cir. 2006). In determining whether a regulation that "impedes the use of property without depriving the owner of all economically beneficial use" constitutes a taking, we consider "a complex of factors, including (1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action." *Murr v. Wisconsin*, 137 S. Ct. 1933, 1943 (2017) (internal quotation marks omitted). While the TPAC alleged that the condemnation had an adverse economic impact on Gray Gables, the character of the government action weighs heavily against finding a taking. As alleged, the condemnation is a "negative restriction rather than an affirmative exploitation by the state" and is temporary, *see Buffalo Tchrs. Fed'n*, 464 F.3d at 375, applying only until "such time as [Plaintiffs] have an [e]ngineering report completed detailing all deficiencies at the [Apartment Building] and required repairs to bring the structure[] into compliance with the NY State Building Code," App'x 17. In sum, without more, Gray Gables has failed to allege a Takings Clause violation.

And "[b]ecause the district court properly found no underlying constitutional violation," it also correctly concluded that the TPAC failed to state a municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

---

[3]    In its brief before us, Gray Gables alleges that "Defendants did not like the type of tenant that Gray Gables rented to . . . , which were mostly mentally challenged, poor, and ill tenants." Appellants' Br. 7. Nowhere is such a fact alleged in the TPAC. We therefore decline to consider it. *See Kopec v. Coughlin*, 922 F.2d 152, 153 (2d Cir. 1991).

[4]    On appeal, Gray Gables's brief states summarily that there was a "taking" by Defendants, Appellants' Br. 1; *see also id.* at 21 ("The Town must give reasonable notice and a hearing before taking property . . . ."), without elaborating. While we would be on firm ground in concluding that any Takings Clause claim has been abandoned, we nonetheless proceed with analyzing the merits of the Takings Clause claim.

5

Finally, and in light of the futility of the amendments to the federal-law claims, we easily conclude that the District Court did not abuse its discretion by declining to exercise supplemental jurisdiction over Plaintiffs' state-law claim(s). *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 475, 481 (2d Cir. 2021).

## III.

In addition to denying Gray Gables leave to file the TPAC on futility grounds, the District Court also ordered that its Section 1983 claims be dismissed with prejudice. Gray Gables now seeks leave to file a further amended complaint. Already having had four opportunities to plausibly plead its Section 1983 claims, we decline to remand the case and allow Gray Gables a fifth such opportunity.

"Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). "A counseled plaintiff is not necessarily entitled to a remand for repleading whenever [it] has indicated a desire to amend [its] complaint." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam). Gray Gables has already had "ample opportunity to amend its complaint," and it is "'unlikely that the deficiencies . . . were unforeseen.'" *Banco Safra S.A.-Cayman Islands Branch v. Samarco Mineracao S.A.*, 849 F. App'x 289, 296 (2d Cir. 2021) (summary order) (quoting *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014)). Under these circumstances, and in light of the numerous opportunities Gray Gables has already had to amend its complaint, we find that the District Court acted well within its discretion in dismissing Gray Gables's Section 1983 claims with prejudice and we decline to grant it leave to replead those claims. *See, e.g.*, *Paleja v. KP NY Operations LLC*, No. 21-286-CV, 2022 WL 364007, at *2 (2d Cir. Feb. 8, 2022) (summary order); *Colliton v. Bunt*, 709 F. App'x 82, 83-84 (2d Cir. 2018) (summary order).

## IV.

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the June 15, 2021 order and June 16, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk