25-73-cv
*Delaney v. HC2, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

ANDREW DELANEY,

    *Plaintiff-Appellant*,

    v.               25-73-cv

HC2, INC., STEPHANOS ZANNIKOS, MICHAEL JOHN ESKER NACCHIO, TOYOTA MOTOR NORTH AMERICA, INC.,

    *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ANDREW DELANEY, *pro se*, Makati, Philippines. |
| FOR DEFENDANTS-APPELLEES: | THOMAS BELLIFEMINE, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Morristown, |

New Jersey, *for HC2, Inc., Stephanos Zannikos, and Michael John Esker Nacchio*.

BETH L. KAUFMAN, Schoeman Updike & Kaufman LLP, New York, New York, *for Toyota Motor North America, Inc*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on January 3, 2025, is **AFFIRMED**.

Plaintiff-Appellant Andrew Delaney, an attorney proceeding *pro se*, brought the underlying action against Defendants-Appellees HC2, Inc., Stephanos Zannikos, Michael John Esker Nacchio, and Toyota Motor North America, Inc. ("TMNA"), alleging violations of and conspiracy to violate New York Judiciary Law § 487, negligent infliction of emotional distress, breach of contract, and violations of New York Labor Law § 740, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The district court granted Defendants' motions to dismiss, reasoning principally that Section 487 applies only to conduct before New York state courts, not federal courts, and that Delaney had failed to state a claim for his remaining causes of action. *See generally Delaney v. HC2, Inc.*, 761 F. Supp. 3d 641 (S.D.N.Y. 2025). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.[1]

---

[1] As an initial matter, Delaney argues that the district court erred in denying his motions to strike Defendants' motions to dismiss and briefing because he was not properly served with Defendants' motions to dismiss or related papers. We identify no basis to disturb the district court's determination

This action and a number of other lawsuits between the parties arise from Delaney's participation in a document review project for HC2 on behalf of its customer, WilmerHale, and WilmerHale's client, TMNA. In April 2020, HC2 filed a lawsuit against Delaney seeking a temporary restraining order and preliminary injunction preventing Delaney from divulging privileged or confidential information related to his participation in the document review project. HC2 alleged that Delaney manufactured a false wrongful termination claim and demanded $450,000 from TMNA while threatening the disclosure of privileged and confidential information. The district court granted a temporary restraining order, denied HC2's motion for a preliminary injunction, and dismissed Delaney's counterclaims. In December 2020, Delaney filed for Chapter 7 bankruptcy, which he moved to dismiss in March 2021. In April 2021, HC2 filed a proof of claim, which it moved to withdraw in July 2021. The bankruptcy court granted the withdrawal "with prejudice to HC2's right to file another proof of claim in this bankruptcy case." App'x at 27. On August 5, 2024, Delaney initiated this action in New York County Supreme Court. On August 18, 2024, Delaney filed a corrected amended complaint (hereinafter, the "amended complaint") that asserted federal claims, and TMNA removed the action to the Southern District of New York two days later. In the middle of briefing on Defendants' motions to dismiss, Delaney filed a request for a certificate of default against TMNA. In September 2024, the district court denied Delaney's request. The district court subsequently granted Defendants' motions to dismiss, and this appeal followed.

---

that Defendants' service of the motion papers complied with Federal Rule of Civil Procedure 5 and S.D.N.Y. Local Rule 6.1. *Delaney*, 761 F. Supp. 3d at 661–62. In any event, because Delaney responded to the motions, he was clearly able to obtain a copy of such papers and thus has failed to demonstrate any prejudice resulting from any purported defects in service.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *Gimpel v. The Hain Celestial Grp., Inc.*, 156 F.4th 121, 135 (2d Cir. 2025). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* We review *de novo* a district court's interpretation of state law. *Elliott Assocs., L.P. v. Banco de la Nacion*, 194 F.3d 363, 370 (2d Cir. 1999). "In determining the law of the State of New York, we will consider not only state statutes but also state decisional law." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 470 (2d Cir. 2018) (internal quotation marks and citation omitted).

## I. Section 487 Claim

Delaney argues that the district court erred in concluding that New York Judiciary Law Section 487 does not apply in the federal courts. Section 487 provides that

> [a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

N.Y. Jud. Law § 487. The New York Court of Appeals has stated that "the purpose of Judiciary Law § 487(1) is to safeguard an attorney's special obligation of honesty and fair dealing in the

---

[2] We note that, although we "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted), we do not apply that special solicitude in cases where, as here, an attorney is proceeding *pro se*, *see Cox v. Dep't of Justice*, 111 F.3d 198, 207 (2d Cir. 2024).

4

course of litigation—a pillar of the profession. Our legal system depends on the integrity of attorneys who fulfill the role of officers of the court, furthering its truth-seeking function." *Bill Birds, Inc. v. Stein Law Firm, P.C.*, 35 N.Y.3d 173, 178 (2020). However, the New York Court of Appeals has never addressed whether Section 487 applies to attorney conduct in federal courts sitting in New York, and lower state court decisions involving Section 487 claims, with allegations of attorney misconduct in a federal court, have likewise not conclusively resolved this legal question.[3] Similarly, in *Schertenleib v. Traum*, 589 F.2d 1156, 1166 (2d Cir. 1978), we held that Section 487 does not reach attorney conduct in proceedings "outside New York's territorial borders"—in that case, attorney conduct in a Switzerland proceeding—but did not need to address whether the statute extended to federal court within New York's territorial borders. To be sure, some courts have relied on *dicta* in *Schertenleib*—which noted that Section 487 appeared to be concerned with "the integrity of the truth-seeking processes of New York courts," *id.*—as support for the proposition that "[t]his statute does not provide a basis for sanctioning a party or attorney misconduct in an ongoing federal action" and, instead, only "allows for a state law claim for conduct that occurred in a prior state action," *Lindner v. Am. Exp. Corp.*, No. 06 Civ. 3834, 2009 WL 54493, at *1 (S.D.N.Y. Jan. 8, 2009); *accord In re Zucaro*, 617 B.R. 18, 28–29 (Bankr. E.D.N.Y. 2020) (explaining that "[t]he purpose of Section

---

[3] *See, e.g.*, *Knopf v. Esposito*, 239 N.Y.S.3d 922 (Table), 2025 WL 2699614, at *2 (N.Y. Sup. Ct. Sept. 19, 2025) (noting in passing that an action premised on Section 487 alleged the defendant attorneys "lied in state-court and related federal-court proceedings"); *Claude Mayo Constr. Co. v. Barclay Damon LLP*, 239 A.D.3d 1430, 1431–32 (4th Dep't 2025) (assuming *arguendo* that Section 487 is applicable when the conduct takes place before a federal court and dismissing the complaint because it lacked particularity); *Clevenger v. Yuzek*, 222 A.D.3d 931, 932–36 (2d Dep't 2023) (affirming the dismissal in part of the plaintiff's Section 487 action that was premised on conduct before a federal court only because the plaintiff had not been a party to the underlying federal action).

5

487 is to allow New York courts to supervise the conduct of attorneys admitted before their bar" and that "Section 487 extends only to misconduct by attorneys before New York state courts"). In contrast, other courts have emphasized that our analysis in *Schertenleib* does not compel such a conclusion. *See, e.g.*, *In re Blue Dog at 399 Inc.*, No. 15-10694 (MEW), 2020 WL 6390674, at *7 (Bankr. S.D.N.Y. Oct. 30, 2020) (noting that "the actual holding in *Schertenleib* was merely that section 487 is limited to attorney conduct that takes place within the territorial borders of New York State" and, although "[t]he [New York] Court of Appeals held that the [S]ection 487 claim in *Bill Birds* was deficient for various reasons, . . . it did not express any concern with the fact that the underlying litigation had proceeded in federal court in New York rather than in the state court").

However, we need not address this threshold issue because we agree with the district court's alternative holding that, "even assuming that Section 487 could reach conduct connected to a pending federal court proceeding, [Delaney's] allegations do not meet the high bar required to state a claim under Section 487." *Delaney*, 761 F. Supp. 3d at 670–71. Delaney alleges that Defendants violated Section 487 when HC2 filed a false proof of claim with the bankruptcy court, and filed allegedly false affidavits from Zannikos (HC2's general counsel) and Nacchio (HC2's outside counsel) in various proceedings. The sole statements detailed in the complaint made directly by Zannikos and Nacchio regard the nature of Delaney's demand to TMNA. *See* App'x at 19, 20, 25. Delaney also generally alleges that they lied to the Bankruptcy trustee, despite the fact that neither Zannikos nor Nacchio were representing HC2 in those proceedings. *Id.* at 30. The New York Court of Appeals has held that Section 487 "guards against false statements by lawyers during litigation, rising to the level of intentional deceit or collusion."

6

*Bill Birds*, 35 N.Y.3d at 180 n.3. As the district court correctly noted, however, the amended complaint fails to contain sufficient factual support to plausibly allege that any actionable statements were both false and intentionally made. In short, the alleged statements were either accurate or not plausibly alleged to have been made by Zannikos or Nacchio at all.

On appeal, Delaney argues that the amended complaint "alleged that Zannikos lied to and deceived five New York state courts and three New York federal courts . . . on multiple occasions about the contents of the Toyota demand letter." Appellant's Br. at 19. In support, Delaney cites his opposition to Defendants' motion to dismiss, which in turn cites a paragraph of his original complaint. As a threshold matter, this citation is unavailing, as "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (internal quotation marks and citation omitted). In any event, even if the paragraph from the original complaint were considered, a bare list of the courts that Defendants allegedly deceived is insufficient to state a plausible claim under Section 487. Finally, the amended complaint's repeated assertions that Zannikos and Nacchio engaged in "deceit and collusion aimed at misleading . . . the New York federal and state courts," App'x at 30, *see also id.* ("Zannikos and Nacchio also lied about the laws of New York State to multiple courts . . . ."), are similarly insufficient to support a plausible Section 487 claim. *See Ashley v. Deutsche Bank Aktiengesellschaft*, 144 F.4th 420, 435 (2d Cir. 2025) (noting that a claim is not plausibly alleged "where a pleading offers only . . . a formulaic recitation of the elements of a cause of action[] or naked assertions devoid of further factual enhancement" (internal quotation marks and citation omitted)); *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610, 615 (1st Dep't 2015) ("Allegations regarding an act of deceit or

7

intent to deceive must be stated with particularity; the claim will be dismissed if the allegations as to scienter are conclusory and factually insufficient[.]" (internal citation omitted)). For these reasons, the district court correctly held that Delaney failed to state a plausible claim under Section 487.

## II. Remaining Causes of Action

Delaney argues in conclusory fashion that the district court erred in holding that the negligent infliction of emotional distress, breach of contract, New York Labor Law, ADA, and Title VII claims were not adequately pled. On *de novo* review, we conclude that Delaney has failed to state a claim for these causes of action for substantially the same reasons as set forth by the district court in its well-reasoned and thorough decision.[4]

## III. Default Judgment

Finally, Delaney contends that the district court erred in denying his request for a certificate of default because TMNA did not file a timely response to the amended complaint after removal of the case to federal court. Specifically, Delaney argues that the district court's interpretation of Federal Rule of Civil Procedure 81, which addresses the timing requirements

---

[4] Delaney argues that dismissal of the amended complaint with prejudice was error because he should have been granted an opportunity to re-plead. We review dismissal with prejudice for abuse of discretion. *Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 106 (2d Cir. 1998). We conclude that the district court acted well within its discretion in dismissing Delaney's amended complaint with prejudice. In his oppositions to Defendants' motions to dismiss, Delaney did not seek leave from the district court to amend any pleading deficiencies in the complaint. *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 126 (2d Cir. 2013) ("[N]o court can be said to have erred in failing to grant a request that was not made." (internal quotation marks and citation omitted)). Furthermore, Delaney's arguments on appeal in support of leave to amend are conclusory in that he does not explain how he could cure the substantive defects in the amended complaint identified by the district court. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam). Thus, Delaney has failed to demonstrate the district court erred in dismissing the amended complaint with prejudice.

for responding to a complaint following removal, contravenes "a straightforward reading of the rule." Appellant's Reply Br. at 22. We review the denial of a motion for entry of a default judgment for abuse of discretion. *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). However, we review *de novo* a district court's legal interpretation of the Federal Rules of Civil Procedure applicable to a default motion. *New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005).

The record reflects that Delaney sought a default judgment against TMNA in the midst of briefing on Defendants' motions to dismiss, and TMNA contends that it was never properly served the operative complaint. However, we need not address this issue because, assuming *arguendo* that the amended complaint was properly served and TMNA failed to file a timely response in compliance with Rule 81, the district court did not abuse its discretion in alternatively holding that a default judgment was unwarranted.

We have "a strong preference for resolving disputes on the merits," and "a default judgment is the most severe sanction which the court may apply." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (internal quotation marks and citation omitted). Accordingly, "[d]efault judgments are generally disfavored and are reserved for rare occasions." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (internal quotation marks and citation omitted). In assessing whether to relieve a party from a default, courts consider "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013). As a threshold matter, there is no indication in the record that any default was willful and, as discussed *supra*, TMNA had a meritorious defense. Moreover,

9

the district court explained that "[g]iven that [the] motion [to dismiss] was filed shortly after [Delaney's] request for a certificate of default, [he] was not conceivably prejudiced," and that it "would set aside the entry for good cause shown, even if default had been entered." App'x at 251. On appeal, Delaney has failed to identify any prejudice from the purported default and, given our strong preference for adjudication on the merits, the district court's denial of an entry of default was well within its discretion under these circumstances.

*    *    *

We have considered Delaney's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court